McKEE, Chief Judge,
concurring.
I agree that the sanctions order issued by the Bankruptcy Court pursuant to Rule 9011(c)(1)(A) was procedurally defective and therefore must be vacated. I also agree that a remand is appropriate to allow the Millers to pursue alternative avenues of securing sanctions against Ettinger. In joining Judge Ambro’s opinion, I do not suggest that a party should always be afforded the luxury of a “second bite of the apple” when failure to adhere to the procedural requirements of Rule 9011(c)(1)(A) negates the subsequent imposition of sanctions. However, I believe that a remand is required here because of Ettinger’s egregious conduct toward these clients.
The Millers paid Ettinger almost $20,000 towards his $43,000 bill and they were continuing to make good faith payments to him of $100 to $200 per month pursuant to a state court order. However, the Millers had fallen upon hard times and were struggling to keep their heads above water. Despite the financial hardship the Millers were facing, and despite the monthly payments they were making, Et-tinger thought it appropriate to file an adversarial complaint against his clients in their bankruptcy preceding. He thus thought it appropriate to attempt to ensure that his clients’ debt to him would survive the “fresh start” that is the underlying purpose of bankruptcy. Not surprisingly, the Bankruptcy Court concluded that Ettinger’s conduct required the sanctions that the court imposed.
I see no reason in law or equity to allow such conduct to escape sanction merely because of a counting error that arose from the fortuitous interposition of a three day weekend. Accordingly, I agree that Ettinger’s conduct justifies a remand so that the Bankruptcy court can decide whether to adopt an alternative mechanism for imposing sanctions.